**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

SHRONE DUNN, BY AND THROUGH SHIRLEY DUNN,
GUARDIAN/ AUTHORIZED REPRESENTATIVE,

Plaintiff,

Case No.

vs.

MILWAUKEE BOARD OF SCHOOL DIRECTORS
d/b/a MILWAUKEE PUBLIC SCHOOLS,
DEMITRIOS VISVARDIS, CITY OF MILWAUKEE

Defendants.

---

**MILWAUKEE BOARD OF SCHOOL DIRECTORS D/B/A MILWAUKEE PUBLIC SCHOOLS AND THE CITY OF MILWAUKEE'S ANSWER & AFFIRMATIVE DEFENSES**

---

**NOW COME** the Milwaukee Board of School Directors d/b/a Milwaukee Public Schools and the City of Milwaukee (collectively the "Board") by their attorneys, City Attorney Evan Goyke and Assistant City Attorneys Joshua Cronin and Meghan McCabe and hereby provide the following Answer and Affirmative Defenses to Plaintiff's Complaint:

## I. PARTIES

1. Answering Paragraph 1 of the Plaintiff's Complaint, the Board admits that Plaintiff was a student at Riverside University High School on or about November 12, 2025, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and therefore denies the same.

2. Answering Paragraph 2 of the Plaintiff's Complaint, the Board admits that the Plaintiff had cerebral palsy and scoliosis, and that certain employees and/or agents of the Board were aware of the same. The remaining allegations of Paragraph 2 are conclusions of law for

which no response is required. To the extent that a response is required, the Board denies the remaining allegations of Paragraph 2.

3. Answering Paragraph 3 of the Plaintiff's Complaint, the Board denies knowledge or information sufficient to form a belief as to the truth of Paragraph 3 and therefore denies the same.

4. Answering Paragraph 4 of the Plaintiff's Complaint, the Board admits that the Milwaukee Board of School Directors has its principal offices located at 5225 West Vilet Street, Milwaukee WI 53208; admits that the Milwaukee Board of School Directors is the policy-making body for the Milwaukee Public Schools (MPS) system, including Riverside University High School. The remaining allegations of Paragraph 4 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the remaining allegations of Paragraph 4.

5. Answering Paragraph 5 of the Plaintiff's Complaint, the Board admits that on or about November 12, 2025, Demitrios Visvardis was employed as a paraprofessional at Riverside University High School to assist with high-needs students, including Plaintiff, but denies the remaining allegations of Paragraph 5 and specifically denies that Demitrios Visvardis was acting within the scope of his employment on or about November 12, 2025.

6. Answering Paragraph 6 of the Plaintiff's Complaint, the Board admits the allegations of Paragraph 6, but denies that the City of Milwaukee is a proper party to this action.

## II. JURISDICTION AND VENUE

7. Answering Paragraph 7 of the Plaintiff's Complaint, the allegations of Paragraph 7 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 7.

8. Answering Paragraph 8 of the Plaintiff's Complaint, the allegations of Paragraph 8 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 8.

**III. NOTICE OF CLAIM [ALLEGED] COMPLIANCE**

9. Answering Paragraph 9 of the Plaintiff's Complaint, the Board admits that Plaintiff's counsel authored a letter on behalf of her client dated December 26, 2025, which was addressed to the Milwaukee Public Schools and the City of Milwaukee Clerk and which was entitled "**NOTICE OF CLAIM,** ***Filed on behalf of Shirley Dunn parent of Shrone Dunn***," but denies that Paragraph 9 fully and/or accurately describes said letter. Further, the remaining allegations of Paragraph 9 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 9.

10. Answering Paragraph 10 of the Plaintiff's Complaint, the Board admits that the December 26, 2025 letter was received by the Milwaukee Public Schools through Whitney Applegate on or about January 22, 2026, but denies the remaining allegations of Paragraph 10.

11. Answering Paragraph 11 of the Plaintiff's Complaint, the Board admits that the December 26, 2025 letter was received by the City Clerk's Office on or about January 22, 2026, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies the same.

12. Answering Paragraph 12 of the Plaintiff's Complaint, the Board admits that Gallagher Bassett received notice of the Plaintiff's claim on or about February 2026 and that it assigned the claim number of 009012-064638-GB-01 and the date of loss of November 12, 2025, but denies the remaining allegations of Paragraph 12,

13. Answering Paragraph 13 of the Plaintiff's Complaint, the Board admits that no formal written notice of disallowance was sent to Plaintiff's counsel or Plaintiff. The remaining allegations of Paragraph 13 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 13.

14. Answering Paragraph 14 of the Plaintiff's Complaint, the allegations of Paragraph 14 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 14.

## IV. FACTUAL ALLEGATIONS

15. Answering Paragraph 15 of the Plaintiff's Complaint, the Board admits that on or about November 12, 2025, Shrone Dunn was a student enrolled at Riverside University High School, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and therefore denies the same.

16. Answering Paragraph 16 of the Plaintiff's Complaint, the Board admits that Shrone Dunn has certain disabilities and that she has received certain school services to address her disabilities, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and therefore denies the same.

17. Answering Paragraph 17 of the Plaintiff's Complaint, the Board admits that certain employees knew or should have known of certain of Ms. Shrone Dunn's disabilities and that certain employees knew or should have known of certain school services to address certain of her disabilities, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and therefore denies the same.

18. Answering Paragraph 18 of the Plaintiff's Complaint, the Board admits that Mr. Visvardis was employed by the Milwaukee Board of School Directors as a paraprofessional at

Riverside University High School at certain points in time; but denies that Mr. Visvardis was acting within the scope of his employment as a paraprofessional at Riverside University High School at all times material to the allegations in the Complaint; denies that the Board is vicariously and/or directly liable for Mr. Visvardis' alleged conduct as detailed in the Complaint; and denies that the Board has any obligation to defend and/or indemnify Mr. Visvardis pursuant to Wis. Stat. § 895.46. The remaining allegations of Paragraph 18 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the remaining allegations of Paragraph 18. The Board affirmatively alleges that Mr. Visvardis' alleged conduct as detailed in the Complaint was outside the scope of his employment, was not under the color of state law, and cannot otherwise form the basis of vicarious liability against the Board.

19. Answering Paragraph 19 of the Plaintiff's Complaint, the Board admits the allegations of Paragraph 19.

20. Answering Paragraph 20 of the Plaintiff's Complaint, the Board admits that Mr. Visvardis slapped Ms. Shrone Dunn. As to the remaining factual allegations of Paragraph 20, the Board denies knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of Paragraph 20 and therefore denies the same. The other allegations of Paragraph 20 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 20.

21. Answering Paragraph 21 of the Plaintiff's Complaint, the allegations of Paragraph 21 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 21.

22. Answering Paragraph 22 of the Plaintiff's Complaint, the Board admits the allegations of Paragraph 22.

23. Answering Paragraph 23 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 23.

24. Answering Paragraph 24 of the Plaintiff's Complaint, the Board denies knowledge or information sufficient to form a belief as to the truth of Paragraph 24 and therefore denies the same.

25. Answering Paragraph 25 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 25.

26. Answering Paragraph 26 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 26.

27. Answering Paragraph 27 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 27.

28. Answering Paragraph 28 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 28.

29. Answering Paragraph 29 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 29.

30. Answering Paragraph 30 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 30.

## V. CAUSES OF ACTION

### COUNT I – BATTERY

31. Answering Paragraph 31 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

32. Answering Paragraph 32 of the Plaintiff's Complaint, the Board admits that Mr. Visvardis slapped Ms. Shrone Dunn. As to the remaining factual allegations of Paragraph 32, the Board denies knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of Paragraph 32 and therefore denies the same. The other allegations of Paragraph 32 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 32.

33. Answering Paragraph 33 of the Plaintiff's Complaint, the Board denies knowledge or information sufficient to form a belief as to the truth of Paragraph 33 and therefore denies the same.

34. Answering Paragraph 34 of the Plaintiff's Complaint, the allegations of Paragraph 34 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 34.

35. Answering Paragraph 35 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 35.

36. Answering Paragraph 36 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 36.

**COUNT II – ASSAULT**

37. Answering Paragraph 37 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

38. Answering Paragraph 38 of the Plaintiff's Complaint, the Board denies knowledge or information sufficient to form a belief as to the truth of Paragraph 38 and therefore denies the same.

39. Answering Paragraph 39 of the Plaintiff's Complaint, the allegations of Paragraph 39 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 39.

40. Answering Paragraph 40 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 40.

**COUNT III-NEGLIGENCE/ FAILURE TO PROTECT**

41. Answering Paragraph 41 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

42. Answering Paragraph 42 of the Plaintiff's Complaint, the allegations of Paragraph 42 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 42.

43. Answering Paragraph 43 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 43.

44. Answering Paragraph 44 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 44.

45. Answering Paragraph 45 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 45.

46. Answering Paragraph 46 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 46.

## COUNT IV - NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

47. Answering Paragraph 47 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

48. Answering Paragraph 48 of the Plaintiff's Complaint, the allegations of Paragraph 48 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 48.

49. Answering Paragraph 49 of the Plaintiff's Complaint, the allegations of Paragraph 49 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 49.

50. Answering Paragraph 50 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 50.

51. Answering Paragraph 51 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 51.

52. Answering Paragraph 52 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 52.

## COUNT V-VICARIOUS LIABILITY/ RESPONDEAT SUPERIOR

53. Answering Paragraph 53 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

54. Answering Paragraph 54 of the Plaintiff's Complaint, the Board admits that on or about November 12, 2025, Demitrios Visvardis was employed as a paraprofessional at Riverside University High School to assist with high-needs students, including Plaintiff, but denies the

remaining allegations of Paragraph 54 and specifically denies that Demitrios Visvardis was acting within the course and scope of his employment on or about November 12, 2025. The Board affirmatively alleges that Mr. Visvardis was acting outside the course and scope of his employment at the pertinent points in time, and that the Board is not vicariously (or otherwise) liable for Mr. Visvardis' conduct as alleged in the Complaint.

55. Answering Paragraph 55 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 55.

56. Answering Paragraph 56 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 56.

**COUNT VI- NEGLIGENCE PER SE *I* VIOLATION OF STATUTORY AND POLICY-BASED DUTIES**

57. Answering Paragraph 57 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

58. Answering Paragraph 58 of the Plaintiff's Complaint, the allegations of Paragraph 58 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 58.

59. Answering Paragraph 59 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 59.

60. Answering Paragraph 60 of the Plaintiff's Complaint, the allegations of Paragraph 60 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 60.

61. Answering Paragraph 61 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 61.

62. Answering Paragraph 62 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 62.

**COUNT VII-VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

63. Answering Paragraph 63 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

64. Answering Paragraph 64 of the Plaintiff's Complaint, the allegations of Paragraph 64 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 64.

65. Answering Paragraph 65 of the Plaintiff's Complaint, the allegations of Paragraph 65 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 65.

66. Answering Paragraph 66 of the Plaintiff's Complaint, the allegations of Paragraph 66 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 66.

67. Answering Paragraph 67 of the Plaintiff's Complaint, the Board admits that Shrone Dunn has certain disabilities and that she has received certain school services to address her disabilities, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 and therefore denies the same.

68. Answering Paragraph 68 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 68.

69. Answering Paragraph 69 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 69.

70. Answering Paragraph 70 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 70.

71. Answering Paragraph 71 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 71.

**COUNT VIII-VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

72. Answering Paragraph 72 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

73. Answering Paragraph 73 of the Plaintiff's Complaint, the allegations of Paragraph 73 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 73.

74. Answering Paragraph 74 of the Plaintiff's Complaint, the Board admits that it receives federal financial assistance, but denies the remaining allegations as conclusions of law for which no response is required. To the extent that a response is required, the Board denies the remaining allegations of Paragraph 74.

75. Answering Paragraph 75 of the Plaintiff's Complaint, the allegations of Paragraph 75 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 75.

76. Answering Paragraph 76 of the Plaintiff's Complaint, the Board admits that on or about November 12, 2025, Shrone Dunn was a student enrolled at Riverside University High School, but the remaining allegations of Paragraph 76 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the remaining allegations of Paragraph 76.

77. Answering Paragraph 77 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 77.

78. Answering Paragraph 78 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 78.

79. Answering Paragraph 79 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 79.

**COUNT IX - 42 U.S.C. § 1983 - FOURTH AMENDMENT/ UNREASONABLE SEIZURE AND EXCESSIVE FORCE/ FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS**

80. Answering Paragraph 80 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

81. Answering Paragraph 81 of the Plaintiff's Complaint, the Board admits that on or about November 12, 2025, Demitrios Visvardis was employed as a paraprofessional at Riverside University High School to assist with high-needs students, including Plaintiff, but denies the remaining allegations of Paragraph 81; specifically denies that Demitrios Visvardis was acting within the scope of his employment on or about November 12, 2025; and specifically denies that Demitrios Visvardis was acting under color of state law on or about November 12, 2025. The Board affirmatively alleges that Mr. Visvardis' alleged conduct as detailed in the Complaint was outside the scope of his employment, was not under the color of state law, and cannot otherwise form the basis of vicarious liability against the Board.

82. Answering Paragraph 82 of the Plaintiff's Complaint, the allegations of Paragraph 82 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 82.

83. Answering Paragraph 83 of the Plaintiff's Complaint, the allegations of Paragraph 83 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 83.

84. Answering Paragraph 84 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 84.

85. Answering Paragraph 85 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 85.

**COUNT X-42 U.S.C. § 1983 -MONELL MUNICIPAL LIABILITY**

86. Answering Paragraph 86 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

87. Answering Paragraph 87 of the Plaintiff's Complaint, the allegations of Paragraph 87 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 87.

88. Answering Paragraph 88 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 88.

89. Answering Paragraph 89 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 89.

90. Answering Paragraph 90 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 90.

**COUNT XI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

91. Answering Paragraph 91 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

92. Answering Paragraph 92 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 92.

93. Answering Paragraph 93 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 93.

94. Answering Paragraph 94 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 94.

95. Answering Paragraph 95 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 95.

**COUNT XII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

96. Answering Paragraph 96 of the Plaintiff's Complaint, the Board repeats, realleges, and incorporates herein by reference all allegations, averments, denials and affirmative defenses contained within the rest of this responsive pleading.

97. Answering Paragraph 97 of the Plaintiff's Complaint, the allegations of Paragraph 97 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 97.

98. Answering Paragraph 98 of the Plaintiff's Complaint, the allegations of Paragraph 98 are conclusions of law for which no response is required. To the extent that a response is required, the Board denies the allegations of Paragraph 98.

99. Answering Paragraph 99 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 99.

100. Answering Paragraph 100 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 100.

## VI. DAMAGES

101. Answering Paragraph 101 of the Plaintiff's Complaint, the Board denies the allegations of Paragraph 101.

102. Answering Paragraph 102 of the Plaintiff's Complaint, the Board denies knowledge or information sufficient to form a belief as to the truth of Paragraph 102 and therefore denies the same.

103. Answering Paragraph 103 of the Plaintiff's Complaint, the Board denies knowledge or information sufficient to form a belief as to the truth of Paragraph 103 and therefore denies the same.

## VII. PRAYER FOR RELIEF

Answering the "Prayer for Relief" set forth in Plaintiff's Complaint, including Paragraphs 1–8, the Board denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

The Board hereby submits the following affirmative defenses to Plaintiffs' Complaint:

1. The injuries and damages sustained by Plaintiffs, if any, were caused in whole or in part by their own actions or omissions, their failure to mitigate, or a combination of such;

2. The injuries and damages sustained by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than the Board;

3. The Complaint contains claims that fail to state a claim upon which relief may be granted as against the Board;

4. As to one or more of the Board, the Plaintiffs have failed to obtain jurisdiction over them by virtue of deficient or untimely service of process and/or insufficient process and/or noncompliance with Fed. R. Civ. P. 4(m);

5. The Plaintiffs' claims are barred, at least in part, by the applicable statute of limitations;

6. The injuries and/or damages sustained by the Plaintiffs, if any, may be the result of an intervening and/or superseding cause preventing Plaintiffs from obtaining a right of recovery against the Board;

7. Any/all Wisconsin state law claims are subject to the prerequisites, limitations and immunities contained within Wis. Stat. § 893.80 including, but not limited to, notice requirements and damages caps;

8. The Board is immune from suit under common law and statutory immunities and privileges, including discretionary immunity and qualified immunity;

9. Any claim for punitive damages is not supported by the facts of this case, statutory and common law requirements for recovery of such damages nor the Constitution's limitations on such damages including the due process clause and excessive fines clause;

10. The acts of the Board were in good faith, privileged, justified, and not motivated by malice, recklessness or intent to harm;

11. The Plaintiffs may have failed to name indispensable and necessary parties including, but not limited to, medical care professionals or entities and subrogated parties;

12. Demitrios Visvardis was **not** acting within the scope of his employment at Riverside University High School at the times material to the allegations in the Complaint; the Milwaukee Board of School Directors is **not** vicariously and/or directly liable for his alleged

conduct as detailed in the Complaint; and the Milwaukee Board of School Directors does **not** have any obligation to defend and/or indemnify him pursuant to Wis. Stat. § 895.46.

13. The Board incorporates the affirmative defenses of all co-defendants to the extent that they are applicable to them; and

14. The Board reserves the right to amend this Answer to assert additional defenses as discovery proceeds.

**WHEREFORE**, the Board respectfully requests judgment as follows:

a. For a dismissal of the Plaintiff's Complaint upon its merits;

b. For the costs and disbursements of this action;

c. For reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. For such other relief as this Court deems just and equitable.

**THE BOARD REQUESTS A TRIAL BY JURY**

Dated this 16th day of July, 2026.

**EVAN C. GOYKE**
City Attorney for the City of Milwaukee

*s/Joshua B. Cronin*__________________________
JOSHUA B. CRONIN
Assistant City Attorney
State Bar No. 1064324
MEGHAN C. MCCABE
Assistant City Attorney
State Bar No. 1132740
Attorneys for Defendant Milwaukee Board of School Directors d/b/a Milwaukee Public Schools and the City of Milwaukee
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-8822
Email: jbcronin@milwaukee.gov
mmccab@milwaukee.gov