IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHRONE DUNN, by and through SHIRLEY DUNN,
Guardian / Authorized Representative,

Plaintiff,

v.

Case No. 26-cv-01229

MILWAUKEE BOARD OF SCHOOL DIRECTORS
d/b/a MILWAUKEE PUBLIC SCHOOLS,
DEMITRIOS VISVARDIS, and
CITY OF MILWAUKEE,

Defendants.

**DEFENDANT DEMITRIOS VISVARDIS'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant Demitrios Visvardis, by his undersigned attorneys, and for his Answer to Plaintiff's Complaint states as follows:

## I. PARTIES

1 Answering Paragraph 1 of the Plaintiff's Complaint, admits that Plaintiff was a student at Riverside University High School on or about November 12, 2025. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same and puts Plaintiff to its proof thereon.

2. Answering Paragraph 2 of the Plaintiff's Complaint, admits that Plaintiff had cerebral palsy and scoliosis and that certain employees and/or agents of Milwaukee Public Schools ("MPS") were aware of the same. The remaining allegations of Paragraph 2 are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the remaining allegations contained therein.

3. Answering Paragraph 3 of the Plaintiff's Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to its proof thereon.

4. Answering Paragraph 4 of the Plaintiff's Complaint, admits that the Milwaukee Board of School Directors has its principal offices located at 5225 West Vilet Street, Milwaukee WI 53208; admits that the Milwaukee Board of School Directors is the policymaking body for the MPS system, including Riverside University High School. The remaining allegations of Paragraph 4 are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the remaining allegations contained therein.

5. Answering Paragraph 5 of the Plaintiff's Complaint, admits that on or about November 12, 2025, Demitrios Visvardis was employed as a paraprofessional at Riverside University High School to assist with high-needs students, including Plaintiff, and that Demitrios Visvardis was acting within the scope of his employment on or about November 12, 2025. Denies the remaining allegations contained therein.

6. Answering Paragraph 6 of the Plaintiff's Complaint, admits the allegations but denies that the City of Milwaukee is a proper party to this action.

## II. JURISDICTION AND VENUE

7. Answering Paragraphs 7 and 8 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

## III. NOTICE OF CLAIM [ALLEGED] COMPLIANCE

8. Answering Paragraph 9 of the Plaintiff's Complaint, admits that Plaintiff's counsel authored a letter on behalf of her client dated December 26, 2025, which was addressed to the

Milwaukee Public Schools and the City of Milwaukee Clerk and which was entitled "**NOTICE OF CLAIM,** ***Filed on behalf of Shirley Dunn parent of Shrone Dunn***," but denies that Paragraph 9 fully and/or accurately describes said letter. The remaining allegations of Paragraph 9 are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the remaining allegations contained therein.

9. Answering Paragraphs 10, 11 and 12 of the Plaintiff's Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to its proof thereon.

10. Answering Paragraph 13 of the Plaintiff's Complaint, admits that no formal written notice of disallowance was sent to Plaintiff's counsel or Plaintiff. The remaining allegations of Paragraph 13 are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the remaining allegations contained therein.

11. Answering Paragraph 14 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

## IV. FACTUAL ALLEGATIONS

12. Answering Paragraph 15 of the Plaintiff's Complaint, admits that on or about November 12, 2025, Shrone Dunn was a student enrolled at Riverside University High School. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies and puts Plaintiff to its proof thereon.

13. Answering Paragraph 16 of the Plaintiff's Complaint, admits that Shrone Dunn has certain disabilities and that she has received certain school services to address her disabilities.

Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies and puts Plaintiff to its proof thereon.

14. Answering Paragraph 17 of the Plaintiff's Complaint, admits that certain employees knew of certain of Ms. Shrone Dunn's disabilities and that certain employees knew of certain school services to address certain of her disabilities. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies and puts Plaintiff to its proof thereon.

15. Answering Paragraphs 18 and 19 of the Plaintiff's Complaint, admits the allegations contained therein.

16. Answering Paragraph 20 of the Plaintiff's Complaint, admits that this Defendant slapped Ms. Shrone Dunn. As to the remaining factual allegations, denies knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations, and therefore denies the same and puts the Plaintiff to its proof thereon. The remaining allegations of Paragraph 20 are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

17. Answering Paragraph 21 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

18. Answering Paragraph 22 of the Plaintiff's Complaint, admits the allegations contained therein.

19. Answering Paragraphs 23, 24, 25, 26, 27, 28, 29 and 30 of the Plaintiff's Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to its proof thereon.

## V. CAUSES OF ACTION
## COUNT I – BATTERY

20. Answering Paragraph 31 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

21. Answering Paragraph 32 of the Plaintiff's Complaint, admits that this Defendant slapped Ms. Shrone Dunn. As to the remaining factual allegations, denies knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations, and therefore denies the same and puts the Plaintiff to its proof thereon. The remaining allegations of Paragraph 20 are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

22. Answering Paragraph 33 of the Plaintiff's Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to its proof thereon.

23. Answering Paragraph 34 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

24. Answering Paragraphs 35 and 36 of the Plaintiff's Complaint, denies the allegations contained therein.

## COUNT II – ASSAULT

25. Answering Paragraph 37 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

26. Answering Paragraphs 38, 39 and 40 of the Plaintiff's Complaint, denies the allegations contained therein.

## COUNT III-NEGLIGENCE/ FAILURE TO PROTECT

27. Answering Paragraph 41 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

28. Answering Paragraph 42 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

29. Answering Paragraphs 43, 44, 45 and 46 of the Plaintiff's Complaint, denies the allegations contained therein.

## COUNT IV - NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

30. Answering Paragraph 47 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

31. Answering Paragraphs 48 and 49 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

32. Answering Paragraphs 50, 51 and 52 of the Plaintiff's Complaint, denies the allegations contained therein.

## COUNT V-VICARIOUS LIABILITY/ RESPONDEAT SUPERIOR

33. Answering Paragraph 53 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

34. Answering Paragraph 54 of the Plaintiff's Complaint, admits the allegations contained therein.

35. Answering Paragraph 55 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

36. Answering Paragraph 56 of the Plaintiff's Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to its proof thereon.

**COUNT VI- NEGLIGENCE PER SE *I* VIOLATION OF STATUTORY AND POLICY-BASED DUTIES**

37. Answering Paragraph 57 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

38. Answering Paragraphs 58, 59 and 60 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

39. Answering Paragraphs 61 and 62 of the Plaintiff's Complaint, denies the allegations of contained therein.

**COUNT VII-VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

40. Answering Paragraph 63 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

41. Answering Paragraphs 64, 65 and 66 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

42. Answering Paragraph 67 of the Plaintiff's Complaint, admits that Shrone Dunn has certain disabilities and that she has received certain school services to address her disabilities, but

denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies the same and puts Plaintiff to its proof thereon.

43. Answering Paragraphs 68, 69, 70 and 71 of the Plaintiff's Complaint, denies the allegations contained therein.

**COUNT VIII-VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

44. Answering Paragraph 72 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

45. Answering Paragraphs 73, 74 and 75 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

46. Answering Paragraph 76 of the Plaintiff's Complaint, admits that on or about November 12, 2025, Shrone Dunn was a student enrolled at Riverside University High School. The remaining allegations of are conclusions of law for which no response is required; to the extent that a response is required, denies the remaining allegations contained therein.

47. Answering Paragraphs 77, 78, and 79 of the Plaintiff's Complaint, denies the allegations contained therein.

**COUNT IX - 42 U.S.C. § 1983**
**FOURTH AMENDMENT/ UNREASONABLE SEIZURE AND EXCESSIVE FORCE/ FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS**

48. Answering Paragraph 80 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

49. Answering Paragraph 81 of the Plaintiff's Complaint, admits the allegations contained therein.

50. Answering Paragraphs 82, 83, 84, and 85 of the Plaintiff's Complaint, denies the allegations contained therein.

**COUNT X-42 U.S.C. § 1983 -MONELL MUNICIPAL LIABILITY**

51. Answering Paragraph 86 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

52. Answering Paragraph 87 of the Plaintiff's Complaint, the allegations are conclusions of law for which no response is required; to the extent an answer is deemed necessary or required, denies the allegations contained therein.

53. Answering Paragraphs 88, 89 and 90 of the Plaintiff's Complaint, denies the allegations contained therein.

**COUNT XI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

54. Answering Paragraph 91 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

55. Answering Paragraphs 92, 93, 94 and 95 of the Plaintiff's Complaint, denies the allegations contained therein.

**COUNT XII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

56. Answering Paragraph 96 of the Plaintiff's Complaint, Defendant re-alleges and incorporates by reference the preceding paragraphs of his Answer as if fully set forth herein.

57. Answering Paragraphs 97, 98, 99 and 100 of the Plaintiff's Complaint, denies the allegations contained therein.

**VI. DAMAGES**

58. Answering Paragraphs 101, 102 and 103 of the Plaintiff's Complaint, denies the allegations contained therein.

59. Deny all allegations contained in Plaintiff's complaint that are not affirmatively admitted herein.

## VII. PRAYER FOR RELIEF

Answering the “Prayer for Relief” set forth in Plaintiff’s Complaint, including Paragraphs 1–8, denies that Plaintiff is entitled to any relief. Denies all remaining allegations contained therein.

## AFFIRMATIVE DEFENSES

This Defendant further answering Plaintiff’s Complaint by way of an affirmative defense applicable to all claims for relief alleges as follows:

1. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by Plaintiff’s own actions or omissions, its failure to mitigate, or a combination of such;

2. The injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than this Defendant;

3. The Complaint contains claims that fail to state a claim upon which relief may be granted as against this Defendant;

4. Plaintiff’s claims are barred, at least in part, by the applicable statute of limitations;

5. The injuries and/or damages sustained by Plaintiff, if any, may be the result of an intervening and/or superseding cause preventing Plaintiff from obtaining a right of recovery against this Defendant;

6. Any/all Wisconsin state law claims are subject to the prerequisites, limitations and immunities contained within Wis. Stat. § 893.80 including, but not limited to, notice requirements and damages caps;

7. This Defendant is immune from suit under common law and statutory immunities and privileges, including discretionary immunity and qualified immunity;

8. Any claim for punitive damages is not supported by the facts of this case, statutory and common law requirements for recovery of such damages nor the Constitution's limitations on such damages including the due process clause and excessive fines clause;

9. The acts of this Defendant were in good faith, privileged, justified, and not motivated by malice, recklessness or intent to harm;

10. Plaintiff may have failed to name indispensable and necessary parties including, but not limited to, medical care professionals or entities and subrogated parties;

11. Defendant reserves the right to amend this Answer to assert additional defenses as discovery proceeds.

**WHEREFORE**, this Defendant demands judgment dismissing Plaintiff's Complaint upon its merits and awarding Defendant his costs, attorney's fees, and such other relief the Court deems just and equitable.

Dated this 24th day of July, 2026.

*s/ Lori M. Lubinsky*
Lori M. Lubinsky, SBN: 1027575
Attorneys for Defendant Demitrios Visvardis
AXLEY LLP
P.O. Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Fax: (608) 257-5444
llubinsky@axley.com