UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SHRONE DUNN,**
*by and through Shirley Dunn,*
*Guardian/Authorized Representative,*

**Plaintiff,**

**v.** **Case No. 26-CV-1229**

**MILWAUKEE BOARD OF SCHOOL DIRECTORS, *et al.*,**

**Defendants.**

---

## ORDER

---

Pending before the court is Attorney Graham P. Wiemer's motion for appointment to serve as guardian ad litem (GAL) for plaintiff Shrone Dunn. (ECF No. 15.) The parties have indicated that they reached a settlement agreement in this case. (ECF No. 13.) Wiemer proposes to serve as GAL for the limited purpose of independently reviewing the proposed settlement of the plaintiff's claims and, if warranted, recommending court approval thereof. (ECF No. 15.)

"To maintain a suit in a federal court, a child or [person who is] mental[ly] incompetent must be represented by a competent adult." *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997). "A child who does not have a guardian or other 'duly appointed

representative may sue by a next friend or by a guardian ad litem' appointed by the district court." *Id.* (citing Fed. R. Civ. P. 17(c)). "The court does not usually appoint a next friend; it is usually the next friend who has taken the initiative in suing on the child's behalf; but appointed or not, he can be challenged as not being a suitable representative, just as a guardian ad litem can be." *Id.*

Federal Rule of Civil Procedure 17(c)(2) states, "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "The language is mandatory, but the mandate is limited to cases where a minor (or incompetent) is a party to a suit and is not represented." *Matter of Chicago, Rock Island & Pac. R. Co.*, 788 F.2d 1280, 1282 (7th Cir. 1986). Appointment of a guardian is not required if the party is adequately represented by another party with no conflict of interest. *Id.*

"Courts must assess a litigant's competency when a party moves for the appointment of a guardian ad litem or raise the issue *sua sponte* when there is verifiable evidence of incompetency. *Duan v. MX Pan Inc.*, No. 1:22-CV-02333-RLY-KMB, 2025 WL 2958420, at *1–2, 2025 U.S. Dist. LEXIS 170046, at *3 (S.D. Ind. Sept. 2, 2025) (citing *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986)).

The complaint states that Shrone Dunn brings this action "by and through Shirley Dunn, Guardian/Authorized Representative." (ECF No. 2-1 at 3.) The complaint alleges

that Shrone was eighteen years of age at the time of the incident in question, that she is a person with disabilities, and that her mother Shirley Dunn holds guardianship to act in a representative capacity. (*Id.* at 3–4.)

Wiemer's motion does not present any evidence that would allow the court to assess the plaintiff's competency. *See Plumlee v. Hughes*, No. 23-CV-1880-RJD, 2026 WL 2235487, at *3, 2026 U.S. Dist. LEXIS 173607, at *8–9 (S.D. Ill. Aug. 4, 2026) (observing that other circuits have found that verifiable evidence of incompetency includes "(1) 'evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent,' or (2) 'evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.'") (citing *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 150 (3d Cir. 2021); *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)).

The Seventh Circuit has expressed a preference against appointing strangers to act in a child's interest, although it is unclear if that preference extends to adult litigants who are incompetent. *See T.W. by Enk v. Brophy*, 124 F.3d 893, 897 (7th Cir. 1997) (finding that "if a close relative is unavailable and the child has no conflict-free general representative the court may appoint a personal friend of the plaintiff or his family, a professional who has worked with the child, or, in desperate circumstances, a stranger whom the court finds to be especially suitable to represent the child's interests in the litigation").

Some courts have held that appointment of counsel is an acceptable example of Rule 17(c)(2)'s directive to appoint a GAL "or issue another appropriate order" protecting the litigant's interest. *See Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) ("Or the court may find that the incompetent person's interests would be adequately protected by the appointment of a lawyer."). There is no indication that the plaintiff's interest in this case is not being adequately represented by her attorney. *See J.A.W. v. Evansville Vanderburgh Sch. Corp.*, No. 3:18-CV-37-WTL-MPB, 2018 WL 2688187, at *2, 2018 U.S. Dist. LEXIS 93899, at *4–5 (S.D. Ind. June 5, 2018) (finding GAL appointment unnecessary where minor was "represented by experienced and suitable counsel" and there was "no indication that this case [was] being pursued for any reason other than J.A.W.'s desire to pursue it").

Furthermore, Weimer's motion does not indicate any conflict of interest or lack of adequate representation by the plaintiff's mother, who allegedly holds guardianship to act in a representative capacity. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1570 (3d ed. 2026) ("As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent [person] already is represented by someone who is considered appropriate under the law of the forum state.").

As the aforementioned issues are unaddressed by Weimer's motion, the court will reserve its ruling thereon until the parties have supplemented the record. Regardless of

whether GAL appointment is still sought, the court is amenable to reviewing the settlement agreement if the parties so request. *See H.P. by Parker v. Kelley*, No. 21-CV-453-DWD, 2023 WL 7387659, at *1, 2023 U.S. Dist. LEXIS 202811, at *2–3 (S.D. Ill. Oct. 4, 2023) (acknowledging that court approval was not required to settle federal case but doing so at parties' request to safeguard the interest of minor litigant).

**IT IS THEREFORE ORDERED** that Attorney Weimer shall supplement his motion to serve as guardian ad litem no later than **November 12, 2026**. Any opposition to Weimer's motion shall be filed by **November 30, 2026**.

Dated at Milwaukee, Wisconsin this 22nd day of October, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge